Vacated by Supreme Court, January 14, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5220

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY LEE CODY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:02-cr-00033-4)

Submitted:  June 29, 2007                   Decided:  July 12, 2007

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Peter Adolf, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Lee Cody appeals the district court's order denying his motion for a new trial and imposing a 210-month sentence after remand. A jury found Cody guilty of conspiracy to possess with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine. Cody argues that the district court erred in denying Cody's motion for a new trial based on newly discovered evidence that a Government witness had received lenient treatment in exchange for her testimony, which was not disclosed at trial. He challenges his sentence, contending that the district court plainly erred in increasing his sentence above factors found by the jury, in violation of the Fifth and Sixth Amendment, and that his sentence is unreasonable because Cody's co-defendants received lower sentences for the same offense, and the burden on Cody's family due to his imprisonment will be substantial. Finding no error, we affirm.

On August 31, 2006, before the district court resentenced him, Cody filed a motion for new trial pursuant to Fed. R. Crim. P. 33. Prior to filing the motion, Cody's counsel obtained a letter to Government witness Kimberly Palmer from her attorney in a state methamphetamine possession case. The letter was written the day of Palmer's testimony and states "I was told by [an investigating officer] that based on your cooperation the charges in all likelihood would be dismissed." Cody also provided the court with

a written declaration made by Palmer on August 29, 2006, stating that Pennell had promised her that the charges against her would be dismissed in exchange for her testimony against Cody. At trial, Palmer testified that she had not received a promise of leniency in exchange for her testimony.

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, a district court may grant a defendant's motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court "'should exercise its discretion to grant a new trial sparingly,' and . . . should do so 'only when the evidence weighs heavily against the verdict.'" United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003) (quoting United States v. Wilson, 118 F.3d 228, 237 (4th Cir. 1997) (internal quotation marks omitted)). We review the denial of a Rule 33 motion for abuse of discretion. United States v. Adam, 70 F.3d 776, 779 (4th Cir. 1995).

In this Circuit, a motion for new trial based on newly discovered evidence should be granted only if five elements are established:

> (1) the evidence relied on is, "in fact, newly discovered"; (2) there are facts "alleged from which the court may infer due diligence on the part of the movant"; (3) "the evidence relied upon [is] not merely cumulative or impeaching"; (4) "the evidence [is] material to the issues involved"; and (5) the evidence is of such a nature that it would "probably result in [an] acquittal at a new trial."

United States v. Lofton, 233 F.3d 313, 318 (4th Cir. 2000) (quoting United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989)). A court must find that all elements are present before granting such a motion. Chavis, 880 F.2d at 793.

Both Cody and the Government analyzed Cody's claim about Palmer's false testimony utilizing the five factor test. The court also analyzed the motion under the five factor test. It denied the motion because at least the last three factors of the test were not met. The court found "the evidence is primarily impeaching; it's not material to the issues in the sense of conspiracy – direct conspiracy involvement; and it would not probably result in an acquittal by the preponderance of the evidence." (S.J.A. 194).

On appeal, both parties analyze the claim in the context of a due process violation under Giglio v. United States, 405 U.S. 150 (1972). The question of whether a defendant's Fifth Amendment due process rights were violated by the failure to disclose a promise of leniency made to a Government witness in exchange for her testimony is reviewed de novo. Foster v. Ward, 182 F.3d 1177, 1192 (10th Cir. 1999). Due process is implicated if the prosecution solicited testimony it knew to be false or simply allowed such testimony to pass uncorrected. See Giglio, 405 U.S. at 153 (citing Napue v. Illinois, 360 U.S. 264, 269 (1959)). A defendant's constitutional rights are violated "[w]hen the 'reliability of a given witness may well be determinative of guilt

or innocence.'" Id. at 154. The knowing use of false evidence or perjured testimony constitutes a due process violation when there is "any reasonable likelihood that the false testimony could have affected the judgment of the jury." United States v. Agurs, 427 U.S. 97, 103 (1976). A "reasonable probability" of a different result is shown when the government's act "undermines confidence in the outcome of the trial." Kyles v. Whitley, 514 U.S. 419, 434 (1995); see United States v. Kelly, 35 F.3d 929, 933 (4th Cir. 1994).

Although Cody argued in his motion for a new trial that the Government's failure to disclose the promise of leniency allegedly made to Palmer violated Giglio, his argument and analysis focused on the five factor test for newly discovered evidence. Cody did not object to court's use of the five factor test, therefore we review Cody's claim that the district court erred in denying his motion for a new trial for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005); United States v. Martinez, 277 F.3d 517, 524 (4th Cir. 2002). Under the plain error standard, Cody must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). When these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

Id. at 736 (internal quotation marks omitted).  The burden of showing plain error is on the defendant.  United States v. Strickland, 245 F.3d 368, 379-80 (4th Cir. 2001).

On appeal, Cody briefly asserts that the district court applied the wrong standard to the alleged Giglio violation. Specifically, Cody states that in addition to applying the wrong standard, the court failed "to address whether there was a reasonable likelihood that Palmer's false testimony could have affected the judgment of the jury."

Under the Giglio analysis, there is a due process violation if there is a "reasonable likelihood" that the withholding of the alleged promise of leniency could have affected the verdict.  Under the five factor test, the newly discovered evidence must be of such a nature that it would "probably result in [an] acquittal at a new trial."  Lofton, 233 F.3d at 318.  The district court held in denying the motion that the evidence of alleged false testimony "would not probably result in an acquittal by the preponderance of the evidence."  We conclude that the district court's finding that the evidence of false testimony regarding leniency would likely not result in an acquittal is a sufficient finding to support that there was not a reasonable likelihood that the withholding of the promise of leniency could have affected the verdict under Giglio.

Cody argues that there is a reasonable likelihood that Palmer's false testimony could have affected the judgment of the jury because the other Government witnesses were drug dealers lacking in credibility and some had cooperation agreements with the Government. He contends that the jury may have discounted all other witness testimony and convicted him based on Palmer's testimony alone. After reviewing the entirety of the record, we find that the evidence of guilt on the conspiracy to distribute methamphetamine count was overwhelming and Palmer's testimony was relatively minor and cumulative. Therefore, Cody cannot demonstrate prejudice. We find particularly persuasive that the jury found a drug quantity of over 500 grams of methamphetamine. Palmer's testimony was only about personal use amounts, therefore her testimony alone was insufficient to sustain the jury's verdict. We therefore conclude that the district court did not plainly err in using the five factor test and denying Cody's motion for a new trial.

Next, Cody argues that the district court violated his Fifth and Sixth Amendment rights by sentencing him relying on this Court's post-<u>Booker</u> law, which he maintains created a de facto mandatory sentencing guidelines scheme in violation of the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005). Cody contends that a presumptive standard of reasonableness for a sentence within the Guidelines range creates de facto mandatory

- 7 -

sentencing guidelines. The Supreme Court has recently addressed this issue in <u>Rita v. United States</u>, ___ S. Ct. ___, 2007 WL 1772146 (U.S. June 21, 2007) (No. 06-5754). The Court held that appellate courts may apply a presumption of reasonableness to a properly calculated Sentencing Guidelines range, and that there is no Sixth Amendment violation from application of a presumption of reasonableness. <u>Id.</u> at *6-*9.

Cody argues that his sentence is unreasonable because the district court refused to grant a downward variance from the Sentencing Guidelines range. Cody received a sentence of 210 months of imprisonment, at the lowest end of the Guidelines range of 210 to 262 months. Cody contends that he should have received a downward variance based on an alleged sentencing disparity between his sentence and that of his co-defendants, and the hardship his family will endure as a result of a longer term of imprisonment. This court will affirm the sentence imposed by the district court as long as it is within the statutorily prescribed range and reasonable. <u>United States v. Hughes</u>, 401 F.3d 540 (4th Cir. 2005). Although the Guidelines are no longer mandatory, they must still be consulted and taken into account at sentencing. <u>Booker</u>, 543 U.S. at 264. In sentencing a defendant, the district court must: (1) properly calculate the Guidelines range; (2) determine whether a sentence within that range serves the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007);

(3) implement mandatory statutory limitations; and (4) explain its reasons for selecting the sentence, especially a sentence outside the range. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). An error of law or fact can render a sentence unreasonable. Id. at 456. In considering whether the sentence is reasonable, this court reviews a district court's factual findings for clear error and its legal conclusions de novo. United States v. Hampton, 441 F.3d 284, 287 (4th Cir. 2006).

"A district court's reasons for not applying the properly calculated Guideline range must be based on the factors listed in § 3553(a)." Green, 436 F.3d at 456. A sentence within a properly calculated Guidelines range is presumptively reasonable. Id. at 457. This presumption can only be rebutted by showing the sentence is unreasonable when measured against the § 3553(a) factors. United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), pet. for cert. filed, __ U.S.L.W. __ (July 21, 2006) (No. 06-5439).

Although Cody argues that his sentence represents a disparity between his sentence and the lower sentences received by a majority of his co-defendants, the record indicates that he was not similarly situated such that his sentence was not reasonable based on this factor. Further, Cody's family hardship circumstances, while regrettable, cannot be considered extraordinary to warrant a downward departure or variance. We

therefore find that Cody's sentence is reasonable.  See Green, 436
F.3d at 456.

Accordingly, we affirm.  We dispense with oral argument
because the facts and legal contentions are adequately presented in
the materials before the court and argument would not aid the
decisional process.

AFFIRMED